# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Date:                August 6, 2010

Courtroom Deputy:    Nel Steffens
Court Reporter:      Gwen Daniel
Probation Officer:   Douglas Randolph

**Criminal Action No. 08-cr-00500-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | David Conner |
| Plaintiff, | |
| v. | |
| 1. JEREMY PADIA, | Richard Stuckey |
| Defendant. | |

## SENTENCING MINUTES

**1:39 p.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Mr. Stuckey tenders certificates of completion to the court for review.

Mr. Stuckey asks to present evidence.

1:49 p.m.    Defendant's witness, Thomas Goodreid, called and sworn.

Direct examination by Mr. Stuckey.

1:53 p.m.    Cross examination by Mr. Conner.

1:57 p.m.    Re-direct examination by Mr. Stuckey.

Witness is excused.

1:58 p.m.    Statement by the defendant's mother.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C.

- §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;August 9, 2010
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the defendant's **Motion for Variance from Guideline Sentence** [#73] filed July 28, 2010, is **DENIED**;

    - the **Government's Motion Regarding Acceptance of Responsibility** [#74] filed August 6, 2010, is **GRANTED**;

    - the government's **Motion To Dismiss** [#75] filed August 6, 2010, is **GRANTED**;

3

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count Four of the Indictment and Count One of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **ninety-six (96) months** on Count Four of the Indictment and **ninety-six (96) months** on Count One of the Information, to be served concurrently;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years** on each count, to be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at

> least two periodic tests for the use of controlled substances as directed and determined by the court;
>
> • that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;
>
> • that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation (specifically focusing on anger management and domestic violence) and an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant;
>
> • that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer unless defendant is then in complete compliance with the periodic payment obligations imposed in these orders.

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200.00;

9. That the defendant shall pay restitution for the benefit of the victims identified on the record, payable to the care of the Clerk of the Court in full, in the amount of $9,414.00, to be paid in installments of not less than ten percent of his monthly gross income as determined periodically by his probation officer during the term of his supervised release; provided that interest on restitution is waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That the court recommends that the Bureau of Prisons designate the

> defendant to FCI Englewood, Colroado; and

12. That the defendant is remanded to the custody of the United States Marshal.

The Defendant waives formal advisement of appeal.

**2:48 p.m.     Court in recess.**

Total time in court:   01:09

Hearing concluded.